IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN L. CORBIN, FS-8151 | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 2: 15-CV-536 |
| | ) | |
| MARIROSA LAMAS, et al., | ) | |
|     Respondents. | ) | |

MEMORANDUM and ORDER

John L. Corbin, an inmate at the State Correctional Institute – Rockville has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Corbin is presently serving a life sentence imposed following his convictions of first degree murder, second degree murder, third degree murder, aggravated assault, robbery and theft at No CP-04-327-2003 in the Court of Common Pleas of Beaver County Pennsylvania. This sentence was imposed on April 7, 2004.

However, this is not the petitioner's first federal challenge to this conviction. At 2:10-CV-509 he filed a federal habeas corpus petition. The latter petition was dismissed on August 24, 2010 as both without merit and time barred and a certificate of appealability was denied. On February 8, 2011, the Court of Appeals likewise denied a certificate of appealability. He now returns to this Court again seeking to challenge this state court conviction.[1]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims

---

[1] Petitioner argues here that this is a civil action and not a criminal suit. We are well aware that habeas corpus is a civil action. The issues which Corbin seeks to raise, i.e., "state court failed to uphold statutory provision of statute, constitution and law," "petitioner prosecuted under state constitution drafted/adopted without legal/lawful authority…," "this is a 'civil filing' not a criminal as question refers to" and "petitioner was prosecuted under state criminal code that exists in spite of no constitutional provision for such in the Pennsylvania Constitution of 1968," are properly raised in a civil habeas corpus action seeking to challenge a criminal conviction on Constitutional grounds.

1

presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 18th day of May, 2015, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,  
United States Magistrate Judge